

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,830-02

### EX PARTE VERNON ODELL TAYLOR, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR07716B IN THE 220th DISTRICT COURT
### FROM HAMILTON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of marihuana and sentenced to two years' imprisonment in state jail.

Applicant contends that he was denied the opportunity to appeal his conviction due to circumstances outside of his control and he requests an out-of-time appeal.

The trial court has determined that, due to being transported between jails, receiving incorrect information about where to file a notice of appeal, and not being represented by counsel, Applicant did not timely file his *pro se* notice of appeal. We find that Applicant is entitled to the opportunity

to file an out-of-time appeal of the judgment of conviction in Cause No. CR07716B from the 220th District Court of Hamilton County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 18, 2013
Do not publish